## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL ANTAUN JENKINS,

        Plaintiff,

v.

                                    Case No. 2:23-cv-13188
                                    Hon. Brandy R. McMillion

PAMELA YOUNG, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Daniel Antaun Jenkins ("Jenkins") is a Michigan parolee who has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against four parole officers, two Administrative Law Judges ("ALJs"), a prosecutor, four Oakland County police officers, a public defender, the County of Oakland, and the Oakland County Police Department. ECF No. 1. He sues each in their individual and official capacities, and Oakland County as a municipality. Jenkins claims that these defendants violated his constitutional rights when his parole was revoked and he was remanded into custody for a period of 16 months. The Court **SUMMARILY DISMISSES** this case because Jenkins fails to state a claim upon which relief may

1

be granted under § 1983, and many of the defendants are immune from suit. All claims are **DISMISSED WITH PREJUDICE**, with the exception of Jenkin's retaliation claims which are **DISMISSED WITHOUT PREJUDICE**, and any state law claims are **DISMISSED WITHOUT PREJUDICE** to be brought in state court.

## I.

From 2020 to 2022, Jenkins was on parole living in Pontiac, Michigan. ECF No. 1, PageID.4. From what the Court can discern from the Complaint, in 2022, Jenkins' parole was revoked as a result of being in violation of a no-contact condition. *Id*. at PageID.6-8. He had previously been involved in a domestic dispute with a woman, and later was found in her company, in violation of the terms of his parole. *Id*. Jenkins claims that he was never provided notice of the no-contact parole condition because it was sent to an email address that he did not actively use. *Id*. at PageID.6. As a result of the 2022 parole revocation, Jenkins claims he spent 16 months in prison in violation of his rights. *Id*. at PageID.27-28.

Jenkins filed this 28-page *pro se* civil rights complaint against Parole Officers Pamela Young, Valerie Miller, and Heather Zimmerman, Parole Officer Supervisor Timothy Chevrier, Assistant Attorney General Heather Stevens, Administrative Law Judges Wright and Vermalonka, Public Defender Lassandra Green, the County of Oakland and Police Department, Oakland County Deputy Michael McCarthy (also

2

spelled McCarty), Oakland County Detective Sergeant Joe Brian (also spelled Brain/Bryan), and two unknown Oakland County Deputies.   He sues them each in their individual and official capacities.   Jenkins seeks both injunctive relief and monetary damages.

## II.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court has granted Jenkins leave to proceed *in forma pauperis* (without prepayment of the filing fee).   ECF No. 7. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).   The Court is similarly required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A.

The Court's ability to *sua sponte* review and dismiss claims applies to both prisoner and non-prisoner litigants.   *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Brock*, 549 U.S. 199

3

(2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."); *Raohtanem v. Hasan*, No. 19-12020, 2020 WL 9762986, *1 (E.D. Mich. Feb. 28, 2020), *report and recommendation adopted by* 2020 WL 9763086 (E.D. Mich. July 6, 2020). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.*

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v.*

4

*Brooks*, 436 U.S. 149, 155-56 (1978).   Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional.   *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii).   *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).   A complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law."   *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

### III.

The complaint is somewhat difficult to follow as it contains few specific facts and a significant amount of legalese, but liberally construing the complaint it appears that Jenkins alleges federal and state civil rights claims.   The Court is summarily dismissing all claims against all defendants – most with prejudice, but one without – because either Jenkins fails to state a claim for which relief can be granted or the defendants are immune from suit.   The Court will address each in turn.

### A.   <u>Substantive Claims</u>

Jenkins raises multiple theories under which he alleges the defendants violated his constitutional rights.   However, his complaint is scant on facts to support these theories and only offers general allegations and conclusory statements

5

that his rights have been violated.   Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Id.* (quoting *Twombly*, 550 U.S. at 555).   "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

The substantive issues raised in Jenkins's complaint are not supported by factual allegations that raise a right to relief beyond speculation.   Mere conclusory statements are not enough to entitle Jenkins to relief; therefore, the Court dismisses Jenkins's complaint.

### 1.  Parole Revocation Claims

Jenkins challenges the revocation of his parole in his complaint, e.g., alleging that the revocation was retaliatory, discriminatory, malicious, based on insufficient evidence, and constituted an abuse of authority.   A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment.   *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).   However, since Jenkins contests a parole revocation decision, he actually seeks habeas relief because such

claims concern the validity of his confinement. Ruling on such claims would necessarily imply the invalidity of the parole revocation decision and his time in prison; and is therefore improper under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (finding that a state prisoner does not state a cognizable civil rights claim challenging a conviction or imprisonment if ruling on the claim would necessarily render the conviction or confinement invalid, until and unless the reason for the conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This is true regardless of the relief sought by the plaintiff. *Id.* at 487-89; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

The *Heck* doctrine applies to claims challenging state parole revocation proceedings. *See Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003). The fact that Jenkins was re-released

on parole prior to filing this case does not preclude the application of *Heck*. *See, e.g., Smith v. Taylor-Pedersen*, No. 17-11532, 2017 WL 7371211, *4 (E.D. Mich. Dec. 27, 2017) (citing cases), *report and recommendation adopted by* 2018 WL 736027 (E.D. Mich. Feb. 6, 2018)).

The complaint challenges to the validity of the parole revocation charges, the evidence against Jenkins, the authority of the ALJs, and the propriety of the parole revocation decision itself. *See generally* ECF No. 1. As such, ruling in Jenkins's favor would necessarily demonstrate the invalidity of the time that he spent in custody due to the parole revocation. However, because that decision has not been overturned or otherwise declared invalid, such claims are barred by *Heck*. *See, e.g., Perotti v. O'Boyle*, No. 17-3293, 2017 WL 8776681, *2 (6th Cir. Nov. 29, 2017) (affirming district court's *Heck* dismissal of civil rights complaint challenging parole revocation where the plaintiff alleged, in part, that revocation was retaliatory); *Coates v. Gorham*, No. 13-2145, 2014 WL 12971819, *2 (6th Cir. Oct. 10, 2014) (affirming district court's *Heck* dismissal of civil rights complaint challenging parole revocation where the plaintiff alleged revocation was retaliatory due to his filing of grievances and complaints against parole board and parole agents); *Soldan v. Robinson*, No. 19-12227, 2019 WL 3892564 (E.D. Mich. Aug. 19, 2019) (summarily dismissing complaint challenging parole revocation); *Richardson v. Washington*,

8

No. 18-12676, 2018 WL 4566632, *3 (E.D. Mich. Sept. 24, 2018) (summarily dismissing civil rights complaint based on *Heck* where prisoner challenged ALJ's authority to preside over revocation hearing because the claim "goes to the propriety of the parole revocation itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration").[1]

There are two exceptions to *Heck*'s favorable termination rule: (1) when a plaintiff is prevented from seeking habeas relief while in custody as a matter of law; or (2) when a claim concerns the parole revocation procedures and would not imply the invalidity of the revocation decision.   *See Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 601-03 (6th Cir. 2007).   Neither exception applies in this case.   Jenkins states that he was in custody pursuant to the parole revocation for about 16 months, which provided him ample time to appeal the parole revocation decision, seek federal habeas relief, or both.   He failed to do so during that time and nothing prohibited him from seeking habeas relief.   Additionally, Jenkins does not

---

[1] The Court notes that *Heck*'s "favorable termination rule" applies to conspiracy, due process, retaliation, malicious prosecution, and like claims brought pursuant to 28 U.S.C. §§ 1983, 1985, and 1986.   *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (§§ 1983 and 1985 claims barred by *Heck*); *see also Norwood*, 67 F. App'x at 287 (allegations of conspiracy to revoke parole under § 1983 barred by *Heck*); *Holland v. Cnty. of Macomb*, No. 16-2103, 2017 WL 3391653, *2 (6th Cir. Mar. 17, 2017) (*Heck* barred due process, conspiracy, and malicious prosecution claims).

allege any procedural challenges to the revocation proceedings other than to generally state that they should have been conducted by the Parole Board. The Court finds this argument unavailing. Parole revocation hearings are contested cases under Michigan's Administrative Procedures Act, Mich. Comp. Laws Ann. § 24.201 *et seq.*, and are within the jurisdiction of Administrative Law Judges. *People v. Yarber*, No. 349467, 2021 WL 220750, at *2 (Mich. Ct. App. Jan. 21, 2021) (per curiam) (citing *In re Parole of Bivings*, 619 N.W.2d 163, 166 (Mich. Ct. App. 2000)).

Having not met either exception to the *Heck* doctrine, Jenkins fails to state a claim challenging the state parole revocation proceedings.

### 2. Verbal Harassment and Threat Claims

In the complaint, Jenkins raises allegations of verbal harassment and threats, *i.e.*, threats to revoke his parole in retaliation for filing grievances. *See generally* ECF No. 1 at PageID.5-6. Such allegations are insufficient to state civil rights claims under § 1983. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim . . . ."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (verbal threats made in retaliation for filing grievances are not

actionable).   Thus, Jenkins fails to state a claim upon which relief may be granted as to such matters.

### 3.  <u>Access to Courts Claims</u>

Jenkins also appears to raise an access to the courts claim in his complaint in which he seems to allege that he was denied access to the courts because he was not given some type of written notice relevant to the parole revocation.   *See* ECF No. 1 at PageID.15-17.   Although not entirely clear, Jenkins indicates that a notice was erroneously sent to an incorrect email address, but the Court discerns that this notice was related to the no-contact condition added to his parole terms.   Prisoners (and parolees) have a constitutional right of access to the courts which the states have an affirmative duty to protect.   *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977).   However, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights claims challenging the conditions of confinement.   *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

Additionally, to state a denial of access to the courts claim, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct.   *Lewis*, 518 U.S. at 351-52; *Harbin-Bey v. Ritter*, 420 F.3d 571, 578 (6th Cir. 2005).   A plaintiff must also allege facts showing that the deprivation of rights

was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125-30 (1992).

In this case, even if Jenkins was not provided some type of notice related to his parole revocation, he nonetheless fails to allege facts showing that he was actually *prevented* from filing a protected non-frivolous action, that he was prejudiced in such a case, or that any of the defendants acted intentionally to violate his First Amendment right to access the courts. Rather, his allegations are vague and conclusory. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). As such, Jenkins fails to state an access to the courts claim in his complaint and those claims are dismissed.

### 4. **Racial Discrimination Claims**

Jenkins raises racial discrimination claims throughout his complaint. He fails, however, to support those claims with sufficient factual allegations. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination

12

under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).   Jenkins fails to allege sufficient facts to support a claim of intentional race discrimination by either direct or indirect evidence.   *Id.* at 458-61 (discussing the distinction between direct and indirect methods of proving discrimination).   For example, he fails to explain with specificity the basis for his belief that he was subject to racial discrimination, to describe what the defendants did or did not do based upon his race, or to provide facts which show why or how he was treated differently from similarly situated individuals based upon his race.   Because conclusory allegations are insufficient to state civil rights claim under § 1983, Jenkins's racial discrimination claims are dismissed.

### 5.  Equal Protection Claims

Jenkins also seems to raise a non-raced based equal protection claim in his complaint.   Prisoners (and parolees) are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).   To state an equal protection claim, a plaintiff must plausibly allege that the defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).   The

linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-88 (6th Cir. 2004). A plaintiff must also plead facts allowing an inference of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019).

Jenkins makes no such factual allegations in his complaint. Prisoners (and parolees) are not members of a protected class for equal protection purposes, *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005), and Jenkins fails to indicate with specificity how he has been treated differently from others who are similarly situated or that any disparate treatment was intentional. Similar to his race-based discrimination claims, Jenkins again fails to state an equal protection claim in his complaint and therefore those claims are dismissed.

### 6. **Due Process Claims**

Jenkins also alleges due process violations in his complaint, making general allegations that the defendants violated his due process rights. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental*

*Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1108 (6th Cir.1995).   Substantive due process "prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."   *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citations omitted). Therefore, the plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action.   *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011).

Aside from possible procedural violations during the parole revocation proceedings, Jenkins makes no such showing.   His general, broad-based, conclusory allegations that the defendants violated his federal due process rights are insufficient to state a claim under § 1983.   The Court therefore dismisses the due process claims as Jenkins fails to state claim based upon such general allegations in his complaint.

### 7.  Conspiracy Claims

Jenkins further raises conspiracy claims throughout his complaint, essentially asserting that the defendants conspired to revoke his parole, to pursue criminal charges against him, and to violate several of his constitutional rights in a myriad of ways.   A civil conspiracy is "an agreement between two or more persons to injure

another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).   To state a conspiracy claim under § 1983, a plaintiff must allege facts which show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights.   *Id*.; *see also Memphis, Tenn. Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).   A plaintiff must plead the conspiracy with particularity and some specificity.   *See Twombly*, 550 U.S. at 564-66 (stating that allegations of a conspiracy must be supported by facts that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

In this case, Jenkins's conspiracy claims are vague, speculative, and conclusory.   His claims are devoid of any facts to suggest that one or more, let alone all, of the defendants entered into an agreement or had a single plan to deprive him of his rights, that they shared that objective, or that they acted in furtherance of a conspiracy.   Conclusory allegations are insufficient to state a civil rights claim under § 1983, including a conspiracy claim.   *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Horton v. Martin*, 137 F. App'x 773, 775-76 (6th Cir. 2005). To be sure, the Supreme Court has recognized that while parallel conduct may be

16

consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. Such is the case here. Jenkins fails to allege sufficient facts to show any concerted behavior of any of the defendants, as such his conspiracy claims are dismissed.

### 8. State Law Claims

Jenkins also raises claims alleging violations of Michigan Department of Corrections ("MDOC") policy and Michigan law in his complaint. *See generally* ECF No.1 at PageID.17-18. The Court summarily dismisses those claims because § 1983 provides a remedy for violations of federal law, not state policy or state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 & n.2 (6th Cir. 2007). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest") (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 580 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. Apr. 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a

constitutional violation because the Directive does not create a liberty interest protected by the Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("[T]he failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."). Consequently, Jenkins's claims alleging violations of MDOC policies or Michigan law fail to state a claim upon which relief may be granted under § 1983.[2]

### 9. <u>Retaliation Claims – Re-Parole</u>

Substantively, that leaves Jenkins's claims of retaliation by Parole Officers Young and Miller since he has been re-paroled based upon his filings of grievances and complaints against them. *See generally* ECF No. 1 at PageID.17-19. Specifically, he alleges that Young requested that the Michigan Parole Board place him on a GPS tether and issue a "4.5 amended order" to restrict his "parental rights [to] his son" (perhaps a special condition of parole requiring adult supervision to have contact with children), and that Miller told him that he could not operate his COVID cleaning business while on parole. *Id.*

To state a retaliation claim, a plaintiff must allege: (1) that he or she engaged

---

[2] While such allegations may be actionable under Michigan law, they do not provide a basis for relief in federal court. The Court will dismiss all state law claims without prejudice to those claims being brought in state court, as the Court declines to exercise supplemental pendant jurisdiction over any state law claims.

in protected conduct, (2) that an adverse action was taken against him or her that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X*, 175 F.3d at 395.

In this case, while Jenkins asserts that he engaged in protected conduct by filing grievances and complaints against Parole Officers Young and Miller, he fails to allege that he actually suffered an adverse action. He merely asserts that Young requested that the Parole Board impose certain conditions of parole but does not state that those conditions were implemented or that they were done so improperly. He similarly asserts that Miller told him that he could not operate his business but does not explain any rationale behind that decision and does not state that he is, in fact, unable to do so. Because Jenkins does not clearly identify an actual adverse action to which he was subjected, he fails to state a retaliation claim in his complaint. *See Thaddeus-X*, 175 F.3d at 396-97.

Additionally, and alternatively, Jenkins fails to allege facts to indicate that Parole Officers Young or Miller had a retaliatory motive at the time of such events. He merely alleges the ultimate fact of retaliation in his complaint yet fails to present facts to support his conclusion that the defendants retaliated against him because of his grievances. Conclusory allegations of retaliatory motive "unsupported by

19

material facts" are insufficient to state a retaliation claim under § 1983.  *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez*, 826 F.2d at 1538-39); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims") (citing *Crawford-El*, 523 U.S. at 588); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Jackson v. Bouchard*, No. 17-1084, 2017 WL 11622223, *2 (6th Cir. Aug. 30, 2017) (affirming dismissal of retaliation claim where the plaintiff offered no specific facts to support an inference of retaliatory motive).

As pleaded, Jenkins fails to state a retaliation claim in his complaint. Because the complaint is less than clear on this issue, however, the Court shall dismiss these particular retaliation claims without prejudice.  Should Jenkins be able to clarify the facts underlying this claim, he may file a new complaint against the proper defendants raising a retaliation claim.

### B.    Claims Against Public Defender Green

While Public Defender Lassandra Green is not named as a defendant in the caption of this action, Jenkins does list her as a defendant.  *See* ECF No. 1 at PageID.3.   However, she is only referenced once in the Complaint and there are no allegations that she did anything in violation of Jenkin's rights.   Even if Jenkins

claims she is a part of "defendants" generally, it is well-settled that retained and appointed attorneys functioning as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.").

There are no allegations that Green exercised powers traditionally reserved to the State—nor is she responsible for the conduct of government officials. *See Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of § 1983 claim against defense attorneys because they were not state actors and were not responsible for bond denial); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (prisoner's assertion that public defenders failed to competently represent him failed to state a claim under § 1983).   Consequently, any claims against Green are dismissed with prejudice because she is not a state actor subject to suit under § 1983.

## C.   Claims Against the "Police Department"

Jenkins also names the "Police Department" (likely referring to the Oakland County Sheriff's Department) as a defendant in this action.   Section 1983 imposes

21

liability on any "person" who violates an individual's federal constitutional or statutory rights.  County jails, sheriff departments, police departments, and other governmental agencies are not legal entities subject to suit under § 1983.  *See Edwards v. Macomb Cnty. Jail*, No. 16-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other government agencies are not legal entities amenable to suit under § 1983); *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that government departments and agencies are not persons or legal entities subject to suit under § 1983); *Boykin v. Van Buren Twp*., 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983).

Consequently, any claims against the Police Department are dismissed because police departments are not entities subject to suit under § 1983.

### D.   Claims Against Oakland County and Oakland County Police Officers

Additionally, Jenkins names Oakland County as a defendant in this action. ECF No. 1 at PageID.1.   Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S.

22

658 (1978).   "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."   *Id*. (emphasis omitted); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).   Municipal liability is limited to action for which the municipality is "actually responsible."   *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)).   To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was incurred due to execution of that policy."   *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of federal law") (cleaned up).

In this case, Jenkins alleges that Oakland County "failed to adequately train and supervise its employees" with no further factual allegations.   Such an allegation merely parrots the legal standard for municipal liability and is insufficient to state a claim for relief.   *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (noting that "[a] failure-to-train claim . . . requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history

23

of abuse" and that "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims") (cleaned up); *Martinez v. Cnty. of Wayne*, No. 23-11350, 2024 WL 1806423, *13 (E.D. Mich. Apr. 25, 2024) (dismissing failure to train and supervise claim where the plaintiff failed to offer supporting facts). Jenkins fails to state a claim against Oakland County in his complaint under a municipal liability theory and therefore the claims against Oakland County are dismissed.

Similarly, to the extent that Jenkins sues Oakland County officers and deputies in their official capacities, such claims must also be dismissed. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the official represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992), *abrogation recognized on other grounds*, *Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 927 (6th Cir. 2024). Consequently, Jenkins's complaint against the Oakland County officers and deputies in their official capacities is a suit against Oakland County and must be dismissed. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).

24

Moreover, Jenkins fails to state a § 1983 claim against the officers in their individual capacity as well.   The only factual assertion against Officer McCarthy is that he, along with Unknown Officers 1 and 2, responded to the domestic violence dispute involving the woman that was the eventual subject of the no-contact condition that was added to Jenkins's parole.   ECF No. 1 at PageID.7.   As a result of that incident, Officer McCarthy and Unknown Officers 1 and 2 arrested Jenkins. *Id*.   Subsequent to his arrest and as part of the parole investigation, Officer Bryan did an extraction of Jenkins's cell phone.   *Id*.   The Court can infer that Jenkins is arguing that the arrest and the resulting cell phone extraction is what ultimately led to his parole revocation.   However, allegations that the officers' actions resulted in an unreasonable search and seizure, involuntary servitude, false imprisonment, vindictive and malicious prosecution are conclusory and insufficient to establish a claim for relief.   Consequently, Jenkins fails to state a claim against the officers under § 1983, and are dismissed from this action.

### E.   **Supervisory Claims Against Timothy Chevrier**

Jenkins names Parole Supervisor Timothy Chevrier as a defendant in this action.   ECF No. 1 at PageID.2.   To the extent that Jenkins asserts that defendant Chevrier (or any defendant) should be liable based upon a supervisory role over other defendants, such claims must dismissed.

A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.   Liability cannot be based upon a theory of respondeat superior or vicarious liability.   *Monell*, 436 U.S. at 691-92; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).   Thus, to the extent that Jenkins alleges that defendant Chevrier, or any others, should be liable for another individual's conduct (*e.g.* those of the subordinate parole officers), Jenkins fails to state a claim upon which relief may be granted.   Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, or did not sufficiently respond to the situation are insufficient to state a claim under § 1983.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

### F.   Claims Against Certain Defendants Subject to Immunity

Jenkins sues all defendants in both their individual and official capacities. However, several of the defendants are immune from suit and for that reason, the claims against them are dismissed with prejudice.

#### 1.   Judicial Immunity for Administrative Law Judges Wright and Vermalonka

Jenkins names ALJs Wright and Vermalonka as defendants in this action. ECF No. 1 at PageID.3.   As best the Court can decipher, Jenkins argues that both Judge Wright and Judge Vermalonka violated his rights by holding a revocation

26

hearing, which he claims was an illegal hearing.   Jenkins alleges that the ALJs acted in concert with the other defendants in violation of his constitutional rights; but he gives no definitive facts of what actions the ALJs took, other than to hold a hearing.

"Federal common law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity."   *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024).   This protection extends to administrative law judges as well.   *See Butz v. Economou*, 438 U.S. 478, 514 (1978) (extending absolute immunity to executive administrative law judges).

Because the ALJ defendants acted in their judicial capacities in the matters at hand, they are entitled to absolute immunity.

## 2.  Prosecutorial Immunity for Assistant Attorney General Heather Stephens

Jenkins also names Assistant Attorney General Heather Stevens in this action. ECF No. 1 at PageID.2.   As best the Court can decipher, he argues that she, acting in concert with the other defendants, violated his rights.   The only specific allegations related to Assistant Attorney General Stevens is that she participated in the revocation hearing, questioning the woman with which Jenkins was supposed to have no-contact.   *Id*. at PageID.12.

Prosecutors, acting within the scope of their duties, are entitled to absolute immunity from civil suits on conduct intimately associated with the judicial phase

of the criminal process.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 877-78 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009).  The immunity even applies when a prosecutor acts wrongfully or maliciously.  *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury).

Here, the allegations against Defendant Stevens are solely related to her involvement questioning a witness during a hearing.  This is certainly tied to her functional role in the judicial process and therefore entitles her to absolute immunity on claims arising from her advocacy in Jenkins's case.

### 3. <u>Quasi-Judicial Immunity for Parole Officers Young, Miller, Zimmerman and Chevrier</u>

Jenkins sues Parole Officers Young, Miller, and Zimmerman, and Supervisor Chevrier as defendants in this action.  To the extent that he sues those defendants for damages based upon their conduct in determining his compliance with the conditions of parole, preparing reports, and testifying at the parole revocation hearing, his complaint is subject to dismissal based upon quasi-judicial immunity.

A probation officer performing duties to ensure that a probationer is complying with the terms of probation is entitled to absolute, quasi-judicial immunity from liability in a civil rights action.  *See Loggins v. Franklin Cnty., Ohio*,

218 F. App'x 466, 476-77 (6th Cir. 2007); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases).   Such immunity extends to state parole officers performing functions that are judicial in nature.   *See Draine v. Leavy*, 504 F. App'x 494, 495 (6th Cir. 2012).   Parole officers seeking "to determine whether a defendant is complying with the terms of parole" are performing a judicial function.   *See Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (probation officers performed judicial function when they determined that plaintiff had violated terms of his probation); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[T]hose who make recommendations concerning parole . . . enjoy absolute immunity.").

The Parole Officer defendants are thus entitled to absolute quasi-judicial immunity for such actions.

### 4. <u>Sovereign/Eleventh Amendment Immunity for Defendants Young, Miller, Zimmerman, Chevrier, Stevens, Wright and Vermalonka</u>

All the defendants who are State of Michigan employees (Young, Miller, Zimmerman, Chevrier, Stevens, Wright, and Vermalonka) would be subject to dismissal based on sovereign immunity for any actions taken in their official capacity.

The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to

suit, or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity bars suit—whether for injunctive, declaratory, or monetary relief, unless the request is for prospective injunctive relief. *See McCormick v. Miami Univ.*, 693 F.3d 654, 661-62 (6th Cir. 2012). Eleventh Amendment immunity extends to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to suit for civil rights actions in federal court, *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Because Michigan courts operate as arms of the State, they are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Mich.*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. Mar. 16, 2011); *Young v. Dist. & Sup. Cts. of Mich.*, No. 10-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to State judges and prosecutors who are sued in their official capacities, as well as parole officers. *See Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45; *Brosch v. Andrews*, No. 15-11683, 2015 WL 3403992, *3 (E.D.

Mich. May 26, 2015); *Victor v. Roscommon Cnty. Prob. Dep't*, No. 11-15143, 2012 WL 1598150, *2 (E.D. Mich. Feb. 6, 2012), *report and recommendation adopted by* 2012 WL 1598138 (E.D. Mich. May 7, 2012).

Consequently, the State defendants (Young, Miller, Zimmerman, Chevrier, Stevens, Wright, and Vermalonka) are entitled to sovereign immunity on all Jenkins's claims except for any claim seeking prospective injunctive relief.[3]

## IV.

Based upon the foregoing analysis, the Court concludes that Jenkins fails to state a claim upon which relief may be granted under § 1983 in his complaint, that the complaint, in part, fails to comply with Federal Rule of Civil Procedure 8, and that several defendants are entitled to immunity.

Accordingly, the Court **SUMMARILY DISMISSES** the complaint.   All claims are **DISMISSED WITH PREJUDICE**; except for the retaliation claims which are **DISMISSED WITHOUT PREJUDICE**.   Additionally, any state law claims are also **DISMISSED WITHOUT PREJUDICE** for those claims to be

---

[3] The Court notes that the complaint appears to request an injunction preventing the defendants from future violations Jenkins's constitutional rights.   However, as noted herein, the only prospective issues that can be relitigated would be actions related to the retaliation claims.

brought in state court.  Lastly, the Court concludes that an appeal of this decision

cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962).

**THIS IS A FINAL ORDER THAT CLOSES THE CASE.**


**IT SO ORDERED.**

Dated: July 3, 2024                         s/Brandy R. McMillion
                                            Hon. Brandy R. McMillion
                                            United States District Judge